**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS**

| | |
|---|---|
| **DAWN FARON,** | ) **CASE: 18-CV-4018** |
| **PLAINTIFF,** | ) **JUDGE** |
| **v.** | ) **MAG. JUDGE** |
| **FORD MOTOR COMPANY,** | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT FOR MONETARY RELIEF

NOW COMES Plaintiff FARON, by counsel, Christopher Cooper, Arthur Gold, and Cass Casper, and files this complaint pursuant to 42 U.S.C. §§ 1981 and 2000e-2e and 3(a). Plaintiff states as follows through counsel:

## JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. §§1331, and 42 U.S.C. §§1981, 2000e-2 and 3(a).

(2)    Venue is had through 28 U.S.C. § 1391. Defendant conducts substantial business in Illinois, especially, in geographic area in which the U.S. District Court for Northern Illinois is located; and, a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

(3)    Plaintiff DAWN FARON is a legal adult and resident of Lake County, Illinois. Plaintiff was harmed by the Defendants in Lake County, Illinois.

(4)   Defendant FORD MOTOR CORP is a corporation with a principal place of business as 1 American Rd. Dearborn MI 48126. The Defendant harmed Plaintiff in Cook County, Illinois at its assembly plant located at12600 S Torrance Ave. Chicago, Illinois 60633.

## **FACTS**

(5)   Plaintiff is female.

(6)   Within 300 days of January 11, 2016 Plaintiff was subject to sexual harassment and sex discrimination by Defendant Ford Motor Corp.

(7)   Defendant Ford's actions against Plaintiff (to include retaliatory acts) against Plaintiff, constitute materially adverse employment actions.

(8)   Plaintiff adds, pursuant to the continuing violations doctrine, she was subjected to sex discrimination and sexual harassment by the Defendant outside of 300 days.

(9)   Plaintiff was employed by Defendant at its Assembly plant in Chicago, IL.

(10)  While in the Ford workplace, Plaintiff was subjected to continuing, serious, and pervasive Sexual harassment by Defendant.  By example, Defendant's agent took Plaintiff's hand to his crotch.

(11)  The conduct represents that Plaintiff's work environment was hostile and pervasive and that such environment interfered with Plaintiff's ability to perform her job.

(12)    Plaintiff endured repeated sexual comments from Defendant about her body to include, as to her body and buttocks the following (not an inclusive list): "Fresh Meat" and "ass like a nigger." There were images in the work place of naked women, penis' and female breasts.  Additionally, there were anti-gay remarks by the Defendant.

(13)    Defendant was aware of the harassment and hostile work environment and failed to take reasonable steps to prevent it or to stop it. Plaintiff was subjected to retaliation which was intended to dissuade a worker from engaging in protected activity of complaining.

(14)    The continuing violations doctrine applies because the conduct of the Defendant represented systematic violations because the unlawful actions were not a result of any singular act, but rather connected to ongoing g policy, custom, practice and patterns operation.

(15)    Plaintiff has filed this instant Complaint within 90 days of receiving a right to sue letter from the EEOC.

## COUNT I: 42 U.S.C. § 2000e-2 CLAIM (Sexual Harassment & Hostile Work Environment)

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)   Defendant discriminated against Plaintiff in terms and conditions of employment because she is female and by way of sexual harassment, in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating and failing to prevent the sex-based harassment and sexual harassment, alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.  The conduct made for a material adverse action taken against Plaintiff.

(3)   Defendant subjected Plaintiff to serious and pervasive sex discrimination and sexual harassment.

(4)   "Unwelcome" sexual conduct constitutes sexual harassment when "submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment," 29 C.F.R § 1604.11(a)(1).

(5)   Plaintiff was subjected to Quid Pro quo type harassment and harassment by way of a hostile work environment.

(6)   Defendant by and with its agents did make sexual advances toward Plaintiff.

(7)   The conduct was without consent and was unwelcome.

(8)   Plaintiff perceived the conduct to be offensive, physically abusive, and sexually abusive.

(9)   The conduct suffered by Plaintiff was sufficiently pervasive and/or severe to alter and did alter a condition of Plaintiff's employment and created

an abusive working environment and that Defendant did take material adverse actions against Plaintiff.

(10)   Plaintiff was detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable woman.

(11)   Plaintiff complained to management of the misconduct.

(12)   Defendant failed to take reasonable, prompt, and appropriate corrective action.

(13)   The harassment directed at Plaintiff was either intended to cause her distress (stress) or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress.

(14)   Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

(15)   Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $350,000.00, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.


## COUNT II: 42 U.S.C. § 2000e-2 CLAIM (Race discrimination & Hostile Work Environment)

5

(1)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)   Defendant discriminated against Plaintiff in terms and conditions of employment because she is female and by way of racial harassment, in violation of Title VII, 42 U.S.C. § 2000e-(2)(a).

(3)   Plaintiff was told by Defendant that she has an "ass like a nigger."

(14)   The pervasive and offending conduct joined with harassment, directed at Plaintiff was either intended to cause her distress (stress) or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress.

(15)   Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

(16)   Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $350,000.00, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

6

## COUNT III: 42 USC 2000-3(a) VIOLATIONS

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)    Plaintiff engaged in Constitutionally and Title VII protected activity when she complained to her employer (Defendant), then to the EEOC.

(3)    Defendant was aware of the aforementioned protected activity when it retaliated against Plaintiff for having engaged in the aforementioned protected activity.

(5)    As retaliation, Defendant constructively forced Plaintiff from the workplace to include constructively discharging Plaintiff from her employment.

(7)    Plaintiff did suffer harm and incurred damages.

(8)    Plaintiff proximately caused the harm, injury, and damages.

(9)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $200,000.00, plus punitive damages and further demands judgment against

Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV RACE DISCRIMINATION-RETALIATION UNDER §1981a

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)  Plaintiff associates with, and has associated with, black people, and that she takes offense to racism toward black people.

(3)  Plaintiff was retaliated against because of her association, supra, and because she took offense to anti-black animus which was expressed by Defendant when the Defendant said the following to her: "You have an ass like a nigger."

(3)  The aforementioned vulgar statement was motivated by racial animus and because of the Plaintiff's associations.

(4)    Plaintiff did suffer harm and incurred damages.

(5)    Plaintiff proximately caused the harm, injury, and damages.

(6)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $200,000.00, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED: June 10, 2018

Respectfully Submitted,

s\Christopher Cooper, ESQ., Plaintiff's Lead Counsel
Law Office of Christopher Cooper, INC.
79 West Monroe Street, Suite 1213, Chicago, IL 60603
                              Or
426 N. Broad Street, Griffith, Indiana 46319
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

Arthur Gold, ESQ., Plaintiff's Counsel
Gold & Associates, Ltd.
55 W. Monroe St., Suite 2300, Chicago, Illinois 60603
Ph. 312-372-0777 Fax 312-372-0778  Email: asg@gcjustice.com

Cass T. Casper, Esq. Plaintiff's Counsel
Talon Law, LLC
1153 West Lunt Avenue, #253, Chicago, Illinois 60626
Phone: (312) 351-2478  Email: ctc@talonlaw.com


Pursuant to 28 U.S.C. 1746, I, DAWN FARON, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: s\Dawn FARON    6/10/18

Certificate of Service: The undersigned certifies that he caused the foregoing to be filed on ECF on June 10, 2018.  s\Luis Gonzalez